The appellants having omitted to set up in their answer the invalidity of the bond and mortgage, on the ground that they were given for the stock of the company, and that the company had no legal right to take them for it, cannot now claim that they are void for that reason. The appellants, however, have probably lost nothing by that omission, as the judicial history of other bonds and mortgages taken by the company will show.
Nor can the appellants avail themselves of the decision of this court in the case of Leavitt v. Palmer (3 Comst. 40), in which the assignments of this and other bonds and mortgages to certain trustees were declared invalid.
The transfer by the trustees to the special receiver in pursuance of the order of the court is in substance a judicial act to preserve the property, and cannot justly be tested by the rules applicable to the voluntary acts of parties. The receiver stands in the place of the true owner, and if the title he derives from the trustees has any efficacy, it is to return the title to the true owner in disaffirmance of the illegal act of the company, by which it was assigned to the trustees. But there is no necessity in this case of deciding, and no opinion is therefore expressed, on the character of the title which the special receiver derives from the trustees; for if they had none, as the court has declared they had not, the title which the special receiver acquired from the association, through Leavitt the general receiver, is free from all objection.
The views which the supreme court have taken of the agreement in respect to the endorsement on the bond and mortgage are, in my judgment, correct.
All the judges concurring,
Judgment affirmed with costs. *Page 309